# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BBC CHARTERING & LOGISTIC GMBH & CO. KG, | |
| Plaintiff, | No. 08 CV 2279 |
| v. | Judge James B. Zagel |
| ROTEC INDUSTRIES, INC. | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff, BBC Chartering & Logistic GmbH & Co. K.G. ("BBC"), is an owner and operator of vessels for the carriage of goods by sea. On September 15, 2007, Defendant Rotec Indsutries, Inc. ("Rotec"), entered into a maritime booking note ("Note") with Clipper Elite Carriers (Americas) Inc. ("Clipper") and APC, Dubai ("APC") for the ocean carriage of one "KD tower crane, about 2.763,8484 cubm" from Mumbai, India, to Palua, Venezuela. According to the Note, both Clipper and APC were acting "as agents to Owners." BBC's identity as the principal is not revealed anywhere on the Note.

According to BBC, it advised Rotec that the vessel that would carry the crane, the M/V BBC ASIA, would arrive in Mumbai on or around October 7, 2007. BBC claims that on October 3, 2007, Rotec contacted APC advising it that the crane would not be ready for the vessel's arrival. On October 4, 2007, Rotec allegedly further advised that it was facing unavoidable delays with local Indian officials, and that it was unsure when the cargo would be released. BBC claims that finally, on October 5, 2007, Rotec advised that it had made a unilateral decision not

to ship the cargo on the BBC ASIA because it was unable to confirm when the cargo would be released by customs officials.

On April 22, 2008, BBC filed suit against Rotec for breach of contract, claiming damages totaling $497,520.00. Rotec now moves to dismiss the complaint under Rule 12(b)(6). For the following reasons, Rotec's motion to dismiss is denied.

**II. STANDARD OF REVIEW**

A Rule 12(b)(6) motion tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Defendant's motion to dismiss should be granted only if Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). Stated another way, I should not grant Defendants' motion "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). That said, Plaintiff's "obligation to provide the grounds of his entitlement for relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).

**III. DISCUSSION**

In support of its motion to dismiss, Rotec argues that BBC failed to properly state a cause of action for breach of contract because it failed to establish that BBC is a party to the Note.[1] Rotec claims that, although the Note states that Clipper and APC were acting as agents to the Owner, because the Note does not specify the identity of the Owner as BBC, BBC is not party to the contract.

According to the rules of agency, "[w]hen a third party has notice that the agent is acting on behalf of a principal but no notice of the principal's identity, the principal is a partially disclosed principal." *Lake Shore Mgmt. Co. v. Blum*, 235 N.E.2d 366, 368 (Ill. App. 1968). In this case, the Note clearly indicates that both Clipper and APC were acting on behalf of the Owners. Therefore, although not identified by name, BBC is a partially disclosed principal.

Under Illinois law, "[a] third party who deals with the agent of a partially disclosed principal is liable to the principal unless he is excluded as a party by the form or terms of the agreement." *Id. See also Delaware, L & W.R. Co. v. Thayer*, 41 Ill. App. 192 (1st Dist. 1891); *People ex rel. Ames v. Marx*, 18 N.E.2d 915, 919 (Ill. 1938) (a partially disclosed principal may assume and claim the benefit of a contract made by its agent). In this case, Rotec, as Merchant, is not excluded as a party by the agreement. The Note's terms and conditions explicitly state that "[i]f the Merchant fails to tender the cargo when the vessel is ready to load. . . the Merchant shall be liable to the Carrier for dead freight and/or any overtime charges, losses, costs, and expenses

---

[1] Rotec also argues that the complaint should be dismissed because BBC referenced but failed to attach the Note to its original complaint, thus failing to communicate a specific claim and the grounds upon which it rests. Concurrently with the filing of it response, BBC moved for leave to file the Note as an exhibit to the complaint, as it had been inadvertently omitted. I granted the motion for leave to file, thus mooting the issue.

incurred by the Carrier." Therefore, Rotec may be liable to BBC, the carrier, even though BBC is a partially disclosed principal.

## IV. CONCLUSION

For the foregoing reasons, I deny Defendant's motion to dismiss Plaintiff's breach of contract claim.

ENTER:

James B. Zagel
United States District Judge

DATE: January 23, 2009