# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BBC CHARTERING & LOGISTIC GMBH
& CO. K.G.,

    Plaintiff,

v.

ROTEC INDUSTRIES, INC.,

    Defendant.

No. 08 CV 2279
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Plaintiff BBC Chartering & Logistic GmbH & Co. K.G. ("BBC") has moved for summary judgment on the issue of whether Defendant Rotec Industries, Inc. ("Rotec") breached the contract at issue in this case. For the following reasons, BBC's motion is granted.

### II. PRELIMINARY ISSUES

"Local Rule 56.1(a)(3) requires a movant to submit a statement of undisputed material facts that, according to the movant, entitles that party to judgment as a matter of law." *Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). According to the rule, the statement "shall consist of short numbered paragraphs," each of which specifically refers to affidavits, parts of the record, and other material in support of the fact set forth therein. Local Rule 56.1. Plaintiff has complied with this requirement.

Local Rule 56.1(b)(3)(B) requires the opposing party to file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon."

Pursuant to Rule 56.1(b)(3)(C), the non-movant should also file its own statement of additional facts that requires the denial of summary judgment, including references to supporting material. Just as the movant's statement, the non-movant's statement should consist of short numbered paragraphs.

Defendant disputes certain of the facts as they are asserted by Plaintiff, but includes neither a response to Defendant's 56.1 statement, nor a statement of additional facts pursuant to Rule 56.1(b)(3)(C). According to Rule 56.1(b)(3)(C), "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."

> This rule may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire. Essentially, the penalty for failing to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted.

*Malec*, 191 F.R.D. at 583-584. The Seventh Circuit has consistently upheld strict enforcement of Rule 56.1. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). Because Defendant has failed to respond to Plaintiff's 56.1(a) statement of fact, Plaintiff's factual allegations are deemed admitted.

### III. STATEMENT OF FACTS

Plaintiff BBC is an owner and operator of vessels for the carriage of goods by sea. On September 15, 2007, Defendant Rotec entered into a maritime booking note ("Note") with Clipper Elite Carriers (Americas) Inc. ("Clipper") and APC, Dubai ("APC") for the ocean carriage of one "KD tower crane, about 2.763,8484 cubm" from Mumbai, India, to Palua,

2

Venezuela. According to the Note, both Clipper and APC were acting "as agents to Owners." Although BBC is the owner of the vessels, BBC's identity as the principal is not revealed anywhere on the Note.

Pursuant to the booking note, the loading of the cargo was to take place between October 1 and October 18, 2007. BBC nominated one of its vessels and directed it to Mumbai. At some point, BBC advised Rotec that the vessel that would carry the crane, the M/V BBC ASIA, would arrive in Mumbai on or around October 7, 2007. On October 3, 2007, Rotec contacted APC advising it that the crane would not be ready for the vessel's arrival. On October 4, 2007, Rotec further advised that it was facing unavoidable delays with local Indian officials, and that it was unsure when the cargo would be released. BBC claims that finally, on October 5, 2007, Rotec advised that it had made a unilateral decision not to ship the cargo on the BBC ASIA because it was unable to confirm when the cargo would be released by customs officials.

On April 22, 2008, BBC filed suit against Rotec for breach of contract, claiming cancellation damages totaling $497,520.00. BBC now moves for partial summary judgment on the issue of liability. For the following reasons, BBC's motion is granted.

## IV. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of*

*Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" in order to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). I consider the record in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-movant's favor. *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). I will accept the non-moving party's version of any disputed fact only if it is supported by relevant, admissible evidence. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).

## V. DISCUSSION

Rotec argues that BBC's motion for summary judgment should be denied because of the existence of the following genuine issues of material fact: (1) whether BBC is a proper plaintiff in this case; and (2) whether BBC performed its obligations under the contract. Because Rotec has failed to respond to BBC Local Rule 56.1 statement of fact, and because it has failed to include its own additional statement of facts, BBC's factual allegations are deemed admitted. *See supra*. Taking BBC's factual allegations as true, I must grant summary judgment in its favor.

4

Under Illinois law,[1] to establish a breach of contract, BBC must demonstrate: (1) the existence of a valid and enforceable contract; (2) BBC's performance of the contract; (3) Rotec's breach of the contract; and (4) injury to BBC. *Sherman v. Ryan*, 911 N.E.2d 378, 397 (Ill. App. Ct. 2009). In this case, there was a valid enforceable contract between Rotec and BBC. BBC nominated a vessel and directed it to Mumbai, but Rotec did not deliver the cargo for loading during the agreed-upon dates. BBC accrued $497,520.00 in cancellation damages. Accepting BBC facts as admitted, it has demonstrated a breach of contract in this case.

Even were I to consider Rotec's version of the facts as alleged in its response, the result would be the same. Rotec first argues that BBC is not a proper plaintiff in this case because "[it] is not listed on the Note, and Clipper and APC are not identified as agents of BBC." As addressed in my previous memorandum opinion and order in this case,[2] according to the rules of agency, "[w]hen a third party has notice that the agent is acting on behalf of a principal but no notice of the principal's identity, the principal is a partially disclosed principal." *Lake Shore*

---

[1] I note here that the Bill of Lading Terms and Conditions attached to the Note contains a provision that reads:

> Any dispute arising under or in connection with this Bill of Lading shall be subject to the exclusive jurisdiction of the High Court of Justice, London, and English Law shall apply except as provided elsewhere herein.

Neither party has invoked this clause, and the right to do so is waived. *Auto. Mechs. Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA*, 502 F.3d 740, 743 (7th Cir. 2007) ("Enforcement of a forum selection clause (including an arbitration clause) is not jurisdictional; it is a waivable defense[.]"); *Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd.*, 364 F.3d 884, 887-88 (7th Cir. 2004) (the right to invoke a forum selection clause is subject to waiver). Neither party disputes the application of Illinois law to this matter, and both Rotec and BBC have relied on Illinois law throughout their filings.

[2] Memorandum Opinion on Defendant's Motion to Dismiss, Docket Entry #29.

*Mgmt. Co. v. Blum*, 235 N.E.2d 366, 368 (Ill. App. 1968). Here, the Note clearly indicates that both Clipper and APC were acting on behalf of the Owners. Rotec puts forth no evidence to contradict BBC's assertion that it is, in fact, the "Owner" referred to in the Note. Therefore, although not identified by name, BBC is a partially disclosed principal.

Under Illinois law, "[a] third party who deals with the agent of a partially disclosed principal is liable to the principal unless he is excluded as a party by the form or terms of the agreement." *Id. See also Delaware, L & W.R. Co. v. Thayer*, 41 Ill. App. 192 (1st Dist. 1891); *People ex rel. Ames v. Marx*, 18 N.E.2d 915, 919 (Ill. 1938) (a partially disclosed principal may assume and claim the benefit of a contract made by its agent); 12 Richard A. Lord, *Williston on Contracts*, § 35:46 (4th ed. 2010) ("[A]s a general rule, a person who contracts with the agent of an undisclosed principal, when the agent intended to contract on the principal's behalf within his power to bind the principal, is generally liable to the principal, and the principal can enforce a contract made by the agent without disclosure of the agency, so long as the principal has furnished consideration, either himself or by his agent."); Restatement (Second) of Agency § 292 ("The other party to a contract made by an agent for a disclosed or partially disclosed principal, acting within his authority, apparent authority or other agency power, is liable to the principal as if he had contracted directly with the principal, unless the principal is excluded as a party by the form or terms of the contract."); Restatement (Third) of Agency § 6.02 (2006) ("When an agent acting with actual or apparent authority makes a contract on behalf of an unidentified principal, (1) the principal and the third party are parties to the contract; and (2) the agent is a party to the contract unless the agent and the third party agree otherwise.").

In this case, BBC's chief legal officer H. Edwin Anderson ("Anderson") avers that Clipper and APC were acting as agents for BBC in executing the Note, and Rotec has produced no evidence to rebut this assertion. Rotec, as Merchant, is not excluded as a party by the agreement. The Note's terms and conditions explicitly state that "[i]f the Merchant fails to tender the cargo when the vessel is ready to load. . . the Merchant shall be liable to the Carrier for dead freight and/or any overtime charges, losses, costs, and expenses incurred by the Carrier." Rotec seems to suggest that because it had no actual knowledge of the identity of the principal, a question of fact has been created.[3] However, Rotec points to no authority for the proposition that the contracting party cannot be liable to the principal where the contracting party has no actual knowledge of the principal's identity. Therefore, BBC is a proper Plaintiff in this case.

Rotec next disputes whether BBC performed its obligations under the contract. First, Rotec claims that there is a question of fact as to whether BBC gave Rotec the 15-day notice required by the Note. The Special Terms section of the Note obligates the Owners to give Rotec a minimum of 15-days notice prior to the vessel's arrival "as to which terminal in the load part Owners nominate for cargo delivery." According to Rotec, Anderson could not testify with certainty whether this notice was given. He testified only that the notices are usually given in writing and occasionally over the phone, and that it is BBC's "usual and customary practice" to give the notice. He had no specific recollection of doing so in this case. Rotec presents no evidence that the notice was not given, or that casts doubt on Anderson's testimony on this point.

---

[3] From the deposition excerpts Rotec included in its brief, it appears that Rotec's actual knowledge of the principal's identity may be a fact in dispute, and that Rotec may have been sending e-mails to BBC or referring to a BBC vessel.

Thus, even had Rotec complied with Rule 56.1, I would be unable to accept Rotec's version of this fact.

Second, Rotec maintains that the BBC Asia never came to the Port of Mumbai in October 2007, and BBC does not dispute this fact. The ship was scheduled to arrive on October 7, 2007, but on October 5, 2007, Rotec advised BBC that it had decided not to ship the cargo. Under Illinois law, "[a]n anticipatory breach, also called anticipatory repudiation, is a manifestation by one party to a contract of an intent not to perform its contractual duty when the time comes for it to do so even if the other party has rendered full and complete performance." *Tower Investors, LLC v. 111 East Chestnut Consultants, Inc.*, 864 N.E.2d 927, 940 (Ill. App. Ct. 2007) (citation omitted). When one party repudiates a contract, performance by the nonrepudiating party is excused. *Id.* (citation omitted). BBC was under no obligation to complete performance after Rotec repudiated the contract, and its failure to do so does not preclude a finding in BBC's favor.

## VI. CONCLUSION

Plaintiff's motion for partial summary judgment is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: November 15, 2010