UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BBC CHARTERING & LOGISTIC GMBH & CO. K.G., <br><br> Plaintiff, <br><br> v. <br><br> ROTEC INDUSTRIES, INC., <br><br> Defendant. | No. 08 CV 2279 <br> Judge James B. Zagel |

**MEMORANDUM OPINION AND ORDER**

Defendant Rotec Industries, Inc.'s motion for leave to add new affirmative defenses is GRANTED.

**I. BACKGROUND**

Plaintiff, BBC Chartering & Logistic GmbH & Co. K.G. ("BBC"), is an owner and operator of vessels for the carriage of goods by sea. On September 15, 2007, Defendant Rotec Industries, Inc. ("Rotec"), entered into a maritime booking note ("Note") with Clipper Elite Carriers (Americas) Inc. ("Clipper") and APC, Dubai ("APC") for the ocean carriage of one "KD tower crane, about 2.763,8484 cubm" from Mumbai, India, to Palua, Venezuela. The crane was to be loaded onboard a BBC vessel in Mumbai between October 1st and 18th, 2007. Citing problems with Indian customs officials, Rotec was unable to get the crane to the vessel. Rotec thereafter cancelled the shipment. On April 22, 2008, BBC filed suit against Rotec for breach of contract, claiming damages stemming from the cancellation totaling $497,520.00.

In a previous order, I determined that BBC was a partially disclosed principal because the Note made mention of an unnamed "Owner," who was in fact BBC. I went on to grant BBC

partial summary judgment on the question of whether Rotec had breached the contract. The case is therefore proceeding to trial, beginning on February 28th, 2010, solely on the question of damages. Given this new exclusive focus, Rotec seeks to amend its answer with the affirmative defenses that 1) there is a liquidation clause in the contract that is invalid because it is punitive; and 2) BBC failed to mitigate. BBC opposes the motion because it is "so late in the game that it will cause prejudice to BBC." They cite the prior closure of fact discovery and the need for more investigation and witnesses too close to trial as the cause of the prejudice.

## II. STANDARD OF REVIEW

Rule 15(a)(2) states that when a party seeks leave to file amended pleadings, the trial court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to allow amendments to pleadings under Rule 15(a)(2) is a matter left to the discretion of the trial judge. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Citing a preference to test claims on the merits, the Supreme Court has held that, though discretionary, leave should be given absent apparent or stated reasons. *Id.* Such reasons include, but are not limited to, "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*

In the Seventh Circuit, the emphasis is on the "undue prejudice to the opposing party" factor. *See, e.g., Doherty v. Davy Songer, Inc.*, 195 F.3d 919, 927-28 (7th Cir. 1999) (remanding on issue of district court's denial of amendment to complaint because the court did not explain how the movant's "tardiness" resulted in undue prejudice to the opposing party). One circumstance in which denial of amendment is proper is when, near to or after the close of

discovery, the amendments would inject "new complex and serious charges which would undoubtedly require additional discovery."  *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quoting *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)).

While the opposing party often puts forth an explanation as to why the new pleadings would be problematic, the burden is actually on the movant to establish a lack of prejudice.  *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994) ("[A] party seeking an amendment carries the burden of proof in showing that no prejudice will result to the non-moving party.")

### III. DISCUSSION

BBC is understandably frustrated that Rotec has waited this late to formally offer these new defenses.  Rotec in its motion implies that its focus in the litigation to this point has been on settlement and that therefore they are just now coming to focus on full range of defenses they will offer at trial.  Still, these issues seem so apparent that one wonders why they were not asserted earlier.

Nevertheless, trial on the merits is always preferred so long as amendments to pleadings do not unduly prejudice the opposing party.  *See Foman*, 371 U.S. at 182.  In this case, the new defenses do not seem too far afield from the narrow issue set for bench trial, namely damages.  Mitigation is commonly asserted in such matters, as are challenges to a liquidation clause if one is present.  To that point, Rotec has offered the deposition of the Chief Legal Officer of BBC, Harry Edwin Anderson.  In that deposition, counsel for both parties questioned Mr. Anderson about both liquidated damages and mitigation.  This deposition alone convinces me that Rotec has carried its burden to demonstrate that there will be no prejudice to BBC if the new defenses are offered at trial.  Clearly, the effect of the liquidation clause and the issue of mitigation have

been hanging around in this litigation since at least April 7, 2010, the date of Mr. Anderson's deposition. That Rotec is just now getting around to formally announcing them does constitute an "undue delay." But given that the new issues so clearly relate to the issues already set for trial, and given that these new issues have been explored in discovery, the delay does not amount to prejudice in these circumstances.

## IV. CONCLUSION

For the foregoing reasons, Rotec's motion to amend its pleadings to add two new affirmative defenses is GRANTED.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: January 6, 2011